Rafael **ROSARIO FRANQUI**, et al., Plaintiffs,

v.

**COMMONWEALTH OF PUERTO RICO**, et al., Defendants.

Civ. No. 87–0179 (JP).

United States District Court, D. Puerto Rico.

Jan. 22, 1988.

Rafael A. Oliveras López de Victoria, Hato Rey, P.R., for plaintiffs.

Pedro A. Del Valle Ferrer, Federal Litigation Div., Dept. of Justice, San Juan, P.R., for defendants.

## OPINION AND ORDER

PIERAS, District Judge.

This case arises under 42 U.S.C. § 1983. Plaintiff alleges that the named defendants, officers of the Police of Puerto Rico, under color of law, deprived plaintiff of his constitutionally protected right to be free from unreasonable search and seizure. U.S. Const. Amend. IV. Plaintiff prays only for monetary damages. Defendants have moved for partial summary judgment based on the defense of qualified immunity, arguing that they were objectively reasonable in believing that they had not violated plaintiff's rights, insofar as plaintiff's property was searched and certain items seized pursuant to a search warrant.

### I. *Factual Background*

On February 6, 1986, the Police of Puerto Rico obtained and executed a search warrant on plaintiff's business. The warrant was executed by named defendants Angel M. Pérez, Hipólito Torres, and José Vélez Montano. The warrant was issued on an affirmation that probable cause existed to believe that plaintiff was operating an enterprise dealing in stolen cars and parts and falsifying license plates. Plaintiff was present during the search but was not given his *Miranda* warnings nor told that he was under arrest.

During the course of the search, the executing officers identified a 1980 Oldsmobile 98 as a stolen car. The car was seized. The car was searched and that subsequent search yielded a 30 calibre rifle. Plaintiff was arraigned and the weapon seized on suspicion of violation of Puerto Rico firearms laws. At a preliminary hearing on this weapons charge, the charges were dis-

missed when Rosario presented a license for the rifle. No charges concerning stolen vehicles, the basis of the original search, were ever filed.

After all of this, plaintiff's rifle was returned to him. It developed, however, that plaintiff's 1979 pardon for manslaughter charges had been conditioned on plaintiff never possessing a license to carry firearms nor the firearms themselves. Rosario's license was revoked.

## II. *Summary Judgment*

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted

> "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The Court must examine the record "in the light most favorable to ... the party opposing the motion." *Poller v. Columbia Broadcasting System*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962).

> Similarly the court must indulge all inferences favorable to the party opposing the motion. These rules must be applied with recognition of the fact that it is the function of summary judgment "to pierce formal allegations of facts in the pleadings ...", and to determine whether further exploration of facts is necessary. The language of Rule 56(c) sets forth a bifurcated standard which the party opposing summary judgment must meet to defeat the motion. He must establish the existence of an issue of fact which is both "genuine" and "material." A material issue is one which affects the outcome of the litigation.

*Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975) (citations omitted), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976).

As the Supreme Court has recently amplified, the existence of some alleged factual dispute will not defeat a summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original). Materiality is .defined by the substantive law governing the case. *Id.* 106 S.Ct. at 2510.

## III. *Rosario's Claims*

Liberally read, Rosario's complaint reveals four causes of action. Two deal with the investigation leading to the search warrant and its execution, and the other two concern the seizure of the rifle and Rosario's subsequent arraignment on weapons charges.[1] Whether the warrant's executing officers are entitled to qualified immunity must be examined separately on each claim.

### A. The Search Warrant

Rosario claims damages for "mental, moral and emotional humiliation in the criminal proceedings [sic] that were instigated against him." There were, in fact, two investigations initiated against Rosario. The first resulted in a search warrant covering Rosario's business. The second, concerning the rifle, came about only after the search warrant was executed. We deal here only with the investigation resulting in the search warrant.

Defendants, as governmental officials performing the discretionary function of investigating police officers, and absent any showing of malice or improper purpose, are entitled to qualified immunity from damages in civil actions where their actions follow "objective legal reasonableness." *Anderson v. Creighton*, 483 U.S. ——, ——, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523, 530 (1987), *quoting Harlow v. Fitzgerald*, 457 U.S. 800, 819, 102 S.Ct. 2727, 2739, 73 L.Ed.2d 396 (1971). Qualified immunity protects "all but the plainly incompetent or

---

1. The claims of Rosario's wife and their conjugal partnership, the claims of Rosario's children, and claims against the Commonwealth of Puerto Rico, the Secretary of Justice, and the Police Superintendent were all dismissed pursuant to this Court's Order of September 1, 1987, for failure to state a claim upon which relief could be granted. Fed.R.Civ.P. 12(b)(6).

those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 344–45, 106 S.Ct. 1092, 1098, 89 L.Ed.2d 271 (1986). In *Anderson*, petitioner's brought a claim for money damages against an agent of the Federal Bureau of Investigation for violation of their fourth amendment rights to be free from unreasonable search and seizure. Anderson and other federal and state law enforcement authorities had conducted a warrantless search of the Creighton's home. Anderson defended that there was probable cause or belief that a felony suspect was in the Creighton's home and that exigent circumstances relieved him of the warrant requirement. In examining the qualified immunity issue, the Supreme Court held that Anderson would be entitled to summary judgment on that issue when, "in light of clearly established principles governing warrantless searches, he could, as a matter of law, reasonably have believed that the search of the Creighton's home was lawful." 483 U.S. at ——, 107 S.Ct. at 3040, 97 L.Ed.2d at 532. This holding in effect upheld the ruling of the district court below that Anderson was entitled to qualified immunity because "the undisputed facts of the case revealed that Anderson had had probable cause to search the Creighton's home and that his failure to obtain a warrant was justified by the presence of exigent circumstances." 483 U.S. at ——, 107 S.Ct. at 3037, 97 L.Ed.2d at 529.

In outlining the parameters of qualified immunity in *Anderson*, the Supreme Court relied on another qualified immunity case involving law enforcement. In *Malley v. Briggs*, 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986), a couple arrested upon warrant brought a damage claim against the police officer who obtained the warrant. Although the couple had been arrested upon warrant, the charges were dismissed when the grand jury declined to return an indictment. The damage claim was brought under 42 U.S.C. § 1983, just as in Rosario's case. The Supreme Court affirmed the United States Court of Appeals for the First Circuit in its holding that an officer who seeks an arrest warrant by submitting a complaint and affida-

vit to a judge is not entitled to qualified immunity unless that officer has an objectively reasonable basis for believing that the facts alleged in the affidavit are sufficient to establish probable cause. 475 U.S. at 339, 106 S.Ct. at 1095, 89 L.Ed.2d at 277. "Only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable will the shield of immunity be lost". 475 U.S. at 344, 106 S.Ct. at 1098, 89 L.Ed.2d at 281.

■ In support of their motion for summary judgment, defendants submitted the search warrant and supporting affidavit. The affidavit seeks to establish that there was probable cause to believe that Rosario's lawn mower repair shop had stolen cars on the premises and that the premises were used to falsify automobile license plates. Plaintiff has not countered this sworn statement by alleging any other set of facts than those contained in the affidavit, nor has plaintiff made any showing of malice or other improper purpose in swearing out the affidavit. Reviewing the unopposed sworn statement in support of the motion for summary judgment, this Court cannot conclude that it is so lacking in indicia of probable cause as to render official belief in the existence of probable cause unreasonable. The affidavit goes far beyond that minimal standard by averring, under oath, the presence of at least one stolen vehicle and one stolen license plate. In this case, the uncontroverted evidence of the original affidavit submitted in support of defendant's motion for summary judgment fully establishes probable cause for the issuance of the search warrant. Because defendants possessed a warrant supported by probable cause, they had an objectively reasonable belief that the warrant violated no clearly established fourth amendment principle. Plaintiffs are therefore entitled to qualified immunity from civil damages on this claim and defendant's motion for summary judgment is GRANTED as to this cause of action. Because civil damages are the only relief that Rosario seeks, this claim is DISMISSED for

failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

### B. Seizure of the Oldsmobile 98

■ Rosario's second claim is for damages resulting from the seizure of an automobile pursuant to the search. A search and seizure that exceeded the scope of the warrant would be unlawful and would perhaps expose the executing officers to liability without their shield of qualified immunity. A plain reading of the warrant and its supporting affidavit, again, uncontroverted, plainly reveals that the automobile was within the scope of a search warrant investigating allegations of automobile theft. The executing officers, as a matter of law, had an objectively reasonable belief that the Oldsmobile 98 was within the scope of the warrant. Qualified immunity will therefore lie and, because monetary damages are the only relief requested, the motion for summary judgment as to this cause of action is GRANTED and this claim DISMISSED. Fed.R.Civ.P. 12(b)(6).

### C. Search of the Oldsmobile 98 and Seizure of the Rifle

■ Apparently in the process of seizing the automobile, defendants searched it. In the trunk was a 30 caliber rifle. The rifle was seized. Rosario claims damages for that search and seizure.

Had the warrant authorized the search for and seizure of only stolen cars, absent a warrant or probable cause coupled with exigent circumstances, a search of the Oldsmobile 98's trunk would have exceeded the scope of the warrant and been unlawful. The trunk of an Oldsmobile 98 is simply too small to conceal a stolen car in. The warrant, however, authorized the search for and seizure of instrumentalities of violations of the automobile theft laws. Read together with the supporting affidavit, the executing officers would have an objectively reasonable belief that a search for stolen license plates was within the scope of the warrant. The trunk of an automobile on premises searched for stolen automobiles and license plates is the sort of receptable which could very well contain such license plates. As a matter of law, then, the executing officers had an objectively reasonable belief that they were violating no clearly established fourth amendment principle by opening the Oldsmobile 98's trunk.

■ Once the trunk was open, it is uncontroverted that the rifle was inside. Because the executing officers were rightfully in a location to peer into the trunk, i.e., executing a warrant the scope of which included the trunk of the automobile, the inadvertent and fortuitous discovery of the rifle fully comports with fourth amendment principles. *Marron v. United States*, 275 U.S. 192, 199, 48 S.Ct. 74, 77, 72 L.Ed. 231 (1927). The executing officers then seized the weapon when Rosario could not immediately produce a license for it. Rosario's lack of license at that time gave rise to the establishment of probable cause to believe that the rifle was in Rosario's possession in violation of Puerto Rico's firearms laws. That it was a weapon was exigent circumstance enough to obviate an application for an execution of a search warrant. Where a weapon is found pursuant to the plain view exception to the warrant requirement during a proper search for other instrumentalities of crimes, if there is probable cause to believe that the weapon is in violation of the law, the sole fact that it is a weapon provides exigent circumstances justifying its seizure. The defendants, executing officers of the warrant, as a matter of law had an objectively reasonable belief that the seizure of the rifle violated no clearly established fourth amendment principle. Defendants are entitled to qualified immunity on this claim. The motion for summary judgment is GRANTED as to this claim. Again, because monetary damages are the only relief requested, this claim is DISMISSED. Fed.R.Civ.P. 12(b)(6).

### D. Arraignment on Weapons Charges

■ Rosario finally claims for damages resulting from his arraignment on weapons charges resulting from the seizure of the rifle. At that hearing, Rosario produced a license for the rifle and the charge was

dropped.[2]   Although the point was not forcefully argued by either party, it would seem that this proceeding was judicial and that the officers involved would be entitled to *absolute* immunity in actions under 42 U.S.C. § 1983.  *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).  Further, there are no allegations in the complaint or elsewhere that defendants were involved in this hearing.  In any event, and viewing the facts in a light most favorable to the plaintiff, it still cannot be said that defendants violated any clearly established principles of law by participation in criminal proceedings against Rosario on weapons charges.  Defendants' Motion for Summary Judgment is GRANTED and this claim is DISMISSED.  Fed.R. Civ.P. 12(b)(6).

There being no issues left for trial, this case is DISMISSED.

The Clerk shall enter Judgment accordingly.

IT IS SO ORDERED.

---

**2.** It later developed that Rosario should not have possessed the license nor the rifle because his 1979 pardon from a manslaughter convic- tion was conditioned, in part, on Rosario not possessing firearms.